IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 7301 PENN AVENUE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-1836 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| CHEMIMAGE CORPORATION, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Defendants' Motion to Dismiss (Doc. 19) will be granted in part and denied in part. The Motion is **GRANTED** as to **Count II** of the Complaint (**Doc. 1**), alleging breach of the duty of good faith and fair dealing. The claim is subsumed in Plaintiff's breach of contract claim (Count 1). Plaintiff concedes the point, *see* Doc. 27, and the claim is dismissed with prejudice.[1]

Defendants also are correct that **Counts III** and **IV**, as pleaded, are insufficient. In light of the parties' agreement, the Court will not address curability[2] and the Motion is **GRANTED** on these Counts.

---

[1] Like the notice of dismissal (Doc. 23) preceding it, the parties' stipulation (Doc. 27) does not qualify under current Rule 41(a). *See* text-Order filed at Doc. 26 ("Rule 41 allows only for the dismissal of 'an action,' not portions of an action."). The Court will consider the parties' filing as an agreed-upon statement of position regarding the Motion to Dismiss. Also, the Court acknowledges counsel's indication that they did, in fact, comply with the meet-and-confer Order (Doc. 11), which resulted in the stipulation. Doc. 28 at 1 n.1. Counsel are commended for utilizing the process to significantly streamline this litigation. *See id.*

[2] Doc. 27 at ¶ 2 (agreeing to dismissal without prejudice).

This leaves the claims against the Berkman Defendants in Count V (PUFTA)[3] and in Count VI (accounting). PUFTA Section 5104 may apply regardless of whether the creditor's claim ripened before or after the transfer. *Id.* Rule 9(b) may be satisfied by alleging "badges of fraud," as listed in Section 5104(b). N. Am. Commc'ns, Inc. v. Herman, *7 (W.D. Pa. May 11, 2018). With the benefit of reasonable inferences, Plaintiff has alleged enough to put some of the "badges" in play. *See* Compl. (alleging "insider" activity, that the transfer(s) encompassed *all* of ChemImage's tangible and intangible assets and that the consideration was not reasonably equivalent).

Although Plaintiff's averments under Section 5104(a)(2) are thinner, counsel have identified case law indicating that the subsection addresses "constructive fraud," to which a heightened pleading standard does not apply. *See* Doc. 25 at 10; Agri-Marketing, Inc. v. ProTerra Sols., LLC, 2018 WL 1444167, *9 (E.D. Pa. Mar. 22, 2018) (citation to quoted source omitted). In light of the foregoing, Defendants' Motion is **DENIED** as to **Count V**.[4]

Regarding **Count VI**, Plaintiff generally is correct that a claim for accounting may be pleaded in the alternative. Chaleplis v. Karloutsos, 579 F.Supp.3d 685, 705 (E.D. Pa. 2022). Attempting to parse what remains of Defendants' arguments, after the ruling on PUFTA, would not be a good use of resources (whether the Court's, or counsel's, in the form of supplemental briefing). Plaintiff does not seek an immediate accounting, a tactic leading other

---

[3] The Pennsylvania Uniform Fraudulent Transfers Act, 12 Pa. Cons. Stat. § 5101 et seq.

[4] Hopefully, Plaintiff will not read too much into the present ruling. The standards at this stage are lenient, and Plaintiff's PUFTA theory does not, by any objective measure, appear strong or compelling. Should further investigation indicate that there is no "there, there" the Court hopes that this will not prove a distraction, or a significant drain on resources. For the purposes of ADR and otherwise, counsel are encouraged to consider whether information or assurances may be provided to allay the concerns underpinning Plaintiff's positions.

courts to clarify that the vehicle "does not exist merely because the plaintiff desires information that [it] could obtain through discovery." *Cf.* Pollock v. Energy Corp. of Am., 2011 WL 5977422, *2 (W.D. Pa. Nov. 29, 2011) (citation to quoted and other sources omitted, emphasis added).  The Court has little reason to doubt Plaintiff's willingness to engage and, as appropriate, Defendant may renew its challenge after the close of discovery.  The Motion is **DENIED** regarding **Count VI**.

Finally, Plaintiff acknowledges Defendants' challenge regarding the unavailability of attorney's fees, *see* Doc. 25 at 2, but offers nothing in rebuttal.  Fees normally are not recoverable in this type of case, and arguments to the contrary have been waived by Plaintiff's silence.  Defendants' Motion is **GRANTED** in this respect.

Consistent with Federal Rule 15(a)(3), Defendants' answer deadline is **October 15, 2024**.
IT IS SO ORDERED.


September 30, 2024                               s/Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge

cc (via ECF email notification):

All Counsel of Record